UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PRINCE TERRELL DARRON JORDAN,
a/k/a Tracy D. Halsell,

    Plaintiff,

    v.

JEFF WYLER HYUNDAI FAIRFIELD,

    Defendant.

Case No. 1:22-cv-771

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Prince Terrell D. Jordan, also known as Mr. Tracy D. Halsell, has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

    **I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898

F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

**A. Review of Plaintiff's Prior Litigation in this Court**

The same Plaintiff recently has filed multiple complaints that either have been dismissed with prejudice on initial screening, or as to which a pending Report and Recommendation ("R&R") recommends such dismissal. *See e.g.*, Case No. 1:21-cv-763-MRB-SKB (R&R filed on 1/20/22 recommending dismissal on initial screening, adopted on 10/12/22); Case No. 1:22-cv-534-DRC-KLL (pending R&R filed on 9/28/22 recommending dismissal on initial screening); Case No. 1:22-cv-536-MRB-PBS (R&R filed on 9/21/22 recommending dismissal on initial screening, adopted on 11/16/22); Case No. 1:23-cv-24-SJD-SKB (R&R filed herewith recommending dismissal on initial screening). Based on the number of prior cases filed by Plaintiff that have been subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B), Plaintiff should be forewarned that his conduct may be considered to be vexatious.

The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of limited judicial resources. The Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. *See e.g.*, *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, 113 S.Ct. 397 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

This is the fourth of five that have been found to be subject to summary dismissal on initial screening. The undersigned recognizes that some litigants may be unable to comprehend that their claims are fantastic or delusional. Nevertheless, the undersigned recommends issuing a clear warning to Plaintiff that if he continues to file complaints in this Court that are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or under *Apple v. Glenn*, he may be considered to be a vexatious litigator and subjected to sanctions and/or pre-filing restrictions.

**B. Review of the Pending Complaint**

In this case, the complaint identifies Jeff Wyler Hyundai Fairfield as the lone Defendant. Plaintiff alleges that Defendant has violated his civil rights and that jurisdiction

4

arises "under the Constitution, laws, or treaties of the United States." (Doc. 1-1 at 2, PageID 5). A handwritten "Statement of Claim" on the standard form used by pro se litigants states in relevant part:

> I met with the finance manager of Jeff Wyler Hyundai Fairfield at 5665 Dixie Highway. I am requesting reimbursement for the Lyft there and back to my hotel room. I believe I was misled and could have been lured in to sexually harass or be sexually harassed rather and felt discriminated against. I may visit E.R. to contemplate stress issues the incident caused. I felt lied to., I felt discriminated against by a white salesman who may have been Caleb Seeton the individual I was suppose to meet up with. I was promised a voucher told I was reserved never got the car was discriminated against on scene and sexually harassed, discriminated on grounds of race by the white salesman and sexual orientation & race by the black or African American finance manager suing for civil rights violations, sexual harassment, discrimination on account of race, mental anguish, mental distress, False Claims emotional distress.

(Doc. 1-1 at 3, PageID 6). As relief, Plaintiff seeks payment of $750,000.00 "for mental anguish, mental distress, sexual harassment, conspiracy[,] loss of enjoyment of life making false statements." (Doc. 1-1 at 4, PageID 7). The handwritten portion of the form is signed and dated. (*Id*.)

Appended to the complaint form is an unsigned typed page that contains the following additional allegations.

> On Wednesday, December 28, 2022 I was at Jeff Wyler Hyundai of Fairfield, and continually experienced harassment by the finance manager, this was a uncomfortable, distressing situation, that eludes emotional distress, mental anguish, extreme disappointment. "I believe that the discrimination experienced was countered by sexual harassment with the man".
>
> I am requesting that Jeff Wyler Hyundai Fairfield be ordered to pay $750,000.00 for their contribution to these factors on grounds of the finance manager[']s employment with the company and affiliation with the company as a reliability and responsible party.
>
> This would include $100.00 paid for trip to and from the location. The blatant misleading that I would get a car and possible conspiracy to sexually

> harass, discriminate, harass and possibly sexually assault. (Usury – defined statutes and omittance natures)
>
> It is hereby requested Hamilton County or The City of Cincinnati order Jeff Wyler [Hyundai] Fairfield … to pay Prince Terrell Darron Jordan Aka Mr. Tracy D. Halsell….
>
> Side note: Plaintiff has P.T.S.D. and Social Anxiety Disorder Two Similar Lawsuits Filed White Collar Crime expected.

(Doc. 1-1 at 5, PageID 8).

Immediately following the above typed page of allegations is one final (unsigned) page. While difficult to decipher, the final page of the complaint contains the following sentence (repeated twice) in a format suggestive of one or more emails: "The time is now that we must act, not only must we pass laws, approve bills, but, we must see that the man is not currently under fire, or his life being sabotaged." (Doc. 1-1 at 6, PageID 9).

After careful review, the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's assertions are incomprehensible and illogical. On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against the named Defendant. In addition, although Plaintiff alludes to a violation of his civil rights, 42 U.S.C. § 1983 applies only if the Defendant acted "under color of state law." Here, the identified Defendant appears to be a private business entity. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against the Defendant. Accordingly, **IT IS RECOMMENDED THAT:**

6

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

3. Because Plaintiff has filed multiple cases *in forma pauperis* as to which dismissal with prejudice has been recommended for failure to state a claim under 28 U.S.C. § 1915(e)(2), Plaintiff should be expressly warned that if he files additional cases subject to summary dismissal on initial screening, he is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PRINCE TERRELL DARRON JORDAN,
a/k/a Tracy D. Halsell,

    Plaintiff,

    v.

JEFF WYLER HYUNDAI FAIRFIELD,

    Defendant.

Case No. 1:22-cv-771

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).